J-S42024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTWON ARRINGTON | |
| Appellant | No. 1423 WDA 2015 |

Appeal from the PCRA Order August 12, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000027-2005
CP-25-CR-0000028-2005

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JUNE 09, 2016**

Antwon Arrington appeals *pro se* from the order entered August 12, 2015, in the Court of Common Pleas of Erie County, that dismissed his petition for writ of *habeas corpus*, which the court construed as a second petition filed pursuant to the Pennsylvania Post Conviction Relief Act[1] (PCRA)[2] and found untimely. Arrington contends the PCRA court erred in

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] We note that the PCRA court dismissed the petition on August 12, 2015, and, therefore, the notice of appeal had to be filed by Friday, September 11, 2015. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal was taken). However, Arrington's notice of appeal is docketed as filed on September 17, 2015, in excess of the 30-day appeal period.
*(Footnote Continued Next Page)*

characterizing his petition as a PCRA petition and denying him relief where he alleges his sentence is illegal in light of the United States Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Based on the following, we affirm.

The PCRA court has summarized the background of this case, as follows:

> On May 20, 2005, following a jury trial, [Arrington] was found guilty of various drug charges. On August 3, 2005, [Arrington] was sentenced to an aggregate term of 16 to 32 years' imprisonment. [Arrington] filed a post sentence motion, which was denied by the trial court. [Arrington] filed a timely appeal and on September 15, 2006, [Arrington's] judgment of sentence was affirmed. [*Commonwealth v. Arrington*, 911 A.2d 176 (Pa. Super. 2006)].

*(Footnote Continued)* ─────────────

However, Arrington is incarcerated and therefore, it is likely that he could have provided prison authorities with the notice of appeal for mailing before the expiration of the 30-day appeal period. The certified record contains a letter from Arrington dated "August [sic] 9, 2015," that indicates he has enclosed a notice of appeal from the "final order of the court entered August 12, 2015." **See** Letter, 8/9/2015. The letter bears the Erie County Clerk of Courts' time-stamp of September 14, 2015, a Monday. Therefore, the appeal could be timely pursuant to the "prisoner mailbox rule." **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox, though the notice of appeal is actually received by the court after the deadline for filing the appeal).

We recognize our prerogative to remand for a hearing to determine Arrington's compliance with the prisoner mailbox rule. **See Smith v. Pennsylvania Board of Probation and Parole**, 683 A.2d 278, 282–283 (Pa. 1996). However, given our disposition, we decline to remand as it "would be futile to do so." **See Commonwealth v. Chambers**, 35 A.3d 34, 40 (Pa. Super. 2011).

On October 15, 2007, [Arrington] filed his first PCRA petition and an amended PCRA petition on February 8, 2008. By Order entered May 16, 2008, the PCRA court dismissed PCRA relief. [Arrington] filed an appeal, and on May 27, 2009, the Superior Court affirmed the PCRA court's final order. [**Commonwealth v. Arrington**, 976 A.2d 1197 (Pa. Super. 2009)].

On or about May 4, 2015, [Arrington] filed a *pro se* Petition for Writ of Habeas Corpus, essentially his second *pro se* PCRA petition. In his petition, he claims that he was subject to an illegal mandatory minimum sentence pursuant to **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013).[3]

PCRA Court Notice of Intent to Dismiss Without a Hearing Pursuant to

Pa.R.Crim.P. 907, 7/21/2015, at 1–2.[4]   The PCRA court treated Arrington's

_____

[3] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2155.  Applying **Alleyne**, the courts of this Commonwealth have found our mandatory minimum sentencing statutes to be unconstitutional where the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard.  **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).  **See Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (invalidating 18 Pa.C.S. § 6317); **Commonwealth v. Vargas**, 108 A.3d 858 (Pa. Super. 2014) (*en banc*) (invalidating 18 Pa.C.S. § 7508), *appeal denied*, 121 A.3d 496 (Pa. 2015).  Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole.  **Hopkins**, **supra**, 117 A.3d at 262; **Newman**, **supra**, 99 A.3d at 101.

Here, Arrington asserts he was sentenced pursuant to the mandatory minimum provision at 18 Pa.C.S. § 7508, which, pursuant to the case law stated above, has been declared unconstitutional "in its entirety." **Commonwealth v. Carter**, 122 A.3d 388, 393 (Pa. Super. 2015).

[4] Arrington did not file a response to the PCRA court's Rule 907 notice.

petition as a PCRA petition, provided Rule 907 notice of intent to dismiss the petition as untimely, and thereafter dismissed the petition on August 12, 2015. This appeal followed.[5]

Arrington raises the following claim in this appeal:

Whether the [PCRA] court committed [an] error in converting [his] May 4, 2015 petition for writ of *habeas corpus* into a second PCRA [petition] where the claim for relief does not fall within any of the statutorily enumerated bases for relief expressly subsumed [in] the [PCRA].

   a) [Arrington] is currently illegally detained serving a sentence premised upon a facially unconstitutional statute in 18 Pa.C.S. § 7508.

Arrington's Brief at 4.

Our standard of review is well settled:

The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Walters***, ____ A.3d ____, ____ [2016 Pa. Super. LEXIS 114, *4; 2016 PA Super 42] (Pa. Super. 2016).

We first address Arrington's claim that the PCRA court erred in treating his writ of *habeas corpus* as a PCRA petition. The PCRA clearly states it is "the sole means of obtaining collateral relief and encompasses all other

_____

[5] Arrington timely complied with the PCRA court's order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

common law and statutory remedies …, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. This Court has explained:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; ***Commonwealth v. Haun***, 613 Pa. 97, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* ***Fahy, supra*** at 223-224; ***Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d 1242 (Pa. 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (Pa. 1998); ***see also Commonwealth v. Deaner***, 2001 PA Super 191, 779 A.2d 578 (Pa.Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). **Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.***

***Commonwealth v. Taylor***, 65 A.3d 462, 465–466 (Pa. Super. 2013) (emphasis added). ***See also Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) ("if the underlying substantive claim is one that ***could potentially*** be remedied under the PCRA, that claim is ***exclusive*** to the PCRA") (emphasis added), *cert. denied*, 546 U.S. 909 (2005).

Here, Arrington contends that his sentence is illegal under ***Alleyne***. An ***Alleyne*** claim is a non-waivable challenge to the legality of sentence. ***Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*). The PCRA specifically "provides for an action by which … persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Thus, contrary to Arrington's contention, his ***Alleyne***-related claim presents an issue that is cognizable under the PCRA.

- 5 -

Turning to the requirements of the PCRA, we note that even though an illegal sentencing issue cannot be waived, such issue still must be presented in a timely PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). As the PCRA court correctly determined, Arrington's judgment of sentence became final on October 16, 2006, at the expiration of the 30-day period for seeking review with the Pennsylvania Supreme Court.[6] Therefore, the time for Arrington to file for collateral relief expired on October 16, 2007. *See* 42 Pa.C.S. 9545(b)(1), *supra*.

Nevertheless, we may consider an untimely PCRA petition if the petitioner pleads and proves one of the PCRA's three exceptions:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after

---

[6] *See* PCRA Court Notice of Intent to Dismiss, 7/21/2015, at 3, *citing* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a); 1 Pa.C.S. § 1908.

the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, any petition involving one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Based on our review, we agree with the PCRA court that Arrington's reliance on *Alleyne* to satisfy the PCRA time-bar exception provided at Section 9545(b)(1)(iii) is unavailing. As the PCRA court correctly pointed out, "*Alleyne* does not apply retroactively to cases in which judgment of sentence has become final." PCRA Court Notice of Intent to Dismiss, 7/21/2015, at 3, *citing* **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). In **Miller**, this Court held that the **Alleyne** decision is not a sufficient basis to invoke the exception at Section 9545(b)(1)(iii):

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, not the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence has become final. This is fatal to Appellant's argument regarding the PCRA time-bar.

**Id.** at 995.

We also note that Arrington filed this petition on May 4, 2015, more than 60 days after **Alleyne** was decided on June 17, 2013. **See** 42 Pa.C.S. § 9545(b)(2). Therefore, based on Arrington's failure to satisfy Sections 9545(b)(1)(iii) and (b)(2), and because Arrington failed to plead and prove

the applicability of any other exception set forth in Section 9545(b)(1),[7] the PCRA court did not err in denying Arrington's request for collateral relief.

Order affirmed. Arrington's May 5, 2016, application to file a reduced number of copies of reply brief is dismissed.[8]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/9/2016

---

[7] We also note with regard to Arrington's **Alleyne** claim that this Court has "expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013).

[8] According to this Court's docket, Arrington's reply brief was due by **April 11, 2016**. This Court, by *Per Curiam* order entered April 29, 2016, **denied** Arrington's April 20, 2016, application for extension of time to file a reply brief. Arrington filed a reply brief on **May 5, 2016**. We have not considered Arrington's untimely reply brief in deciding this appeal.